FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

APR 2 6 2016

MATTHEW J. DYKMAN
CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | )<br>) |
| Plaintiff, | ) Criminal No. 16-1700 WJ<br>) |
| vs. | ) Count 1: 18 U.S.C. § 1344: Bank<br>) Fraud; |
| **ROBERT O. MOORE,** | )<br>) Count 2: 18 U.S.C. § 1028A: |
| Defendant. | ) Aggravated Identity Theft. |

INDICTMENT

The Grand Jury charges:

Count 1

1.      From on or about August 6, 2014, and continuing to on or about September 25, 2014, in the District of New Mexico, in Bernalillo County, and elsewhere, the defendant, **ROBERT O. MOORE,** devised a scheme and artifice to obtain moneys, funds, credits, assets, securities and other property owned by and under the custody and control of a financial institution, namely Renew Lending, Inc., a loan or finance company that is involved in real estate closings and settlements, located in the District of Mexico, by means of false and fraudulent pretenses, representations, and promises.

The Scheme and Artifice

2.      During all times relevant to this Indictment, the defendant was a licensed real estate broker in the District of New Mexico.

3.      During all times relevant to this Indictment, the defendant leased a residence located at 4625 Larchmont Drive, NE, Albuquerque, New Mexico 87111 (the Larchmont property), which was owned by the H.W. H. and B.L.H Trust (the Trust).

4. It was part of the scheme and artifice that the defendant prepared a fraudulent Warranty Deed that transferred ownership of the Larchmont property to the defendant.

5. It was further part of the scheme and artifice that the defendant forged the signature of the trustee, B.L.H., on the Warranty Deed in order to transfer ownership of the Larchmont property to himself.

6. It was further part of the scheme and artifice that the defendant forged the signature of G.E.W. on the Warranty Deed as the notary public.

7. It was further part of the scheme and artifice that the defendant used a counterfeit notary seal on the Warranty Deed.

8. It was further part of the scheme and artifice that, on or about August 6, 2014, the defendant recorded the fraudulent Warranty Deed with the County of Bernalillo in the District of New Mexico.

9. It was further part of the scheme and artifice that, on or about September 25, 2014, the defendant deeded the Larchmont property to himself and S.A.S. as joint tenants. The defendant made this transfer because he possessed a poor credit rating due to his recent bankruptcy, and he required S.A.S.'s good credit rating to qualify for a mortgage on the Larchmont property.

10. It was further part of the scheme and artifice that, on or about September 25, 2014, the defendant presented the fraudulent Warranty Deed to Renew Lending, Inc., to obtain a mortgage of $152,625 on the Larchmont property.

## Execution of the Scheme

11. On or about September 25, 2014, in the District of New Mexico, in Bernalillo County, and elsewhere, the defendant executed the scheme and artifice as set forth above, in that the defendant submitted a materially false Warranty Deed to Renew Lending, Inc., a financial

institution, to obtain a mortgage on real property located at 4625 Larchmont Drive, NE, Albuquerque, New Mexico 87111 in the amount of $152,625.

All in violation of 18 U.S.C. § 1344(2).

## Count 2

On or about September 25, 2014, in Bernalillo County, in the District of New Mexico, and elsewhere, the defendant, **ROBERT O. MOORE,** did knowingly use, possess and transfer, without lawful authority, a means of identification of another person; that is, the defendant knowingly used, possessed and transferred G.E.W.'s name, during and in relation to a felony violation of 18 U.S.C. §§ 1344; to wit, bank fraud as charged in Count 1.

In violation of 18 U.S.C. §1028A.

## FORFEITURE ALLEGATION

Count 1 of this Indictment is re-alleged and incorporated for the purpose of alleging forfeiture to the United States pursuant to U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461.

Upon conviction of any offense in violation of 18 U.S.C. § 1344, the defendant, **ROBERT O. MOORE,** shall forfeit to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461 any property, real or personal, which constitutes or is derived from proceeds traceable to such violation, or a conspiracy to commit such offense.

The property to be forfeited to the United States includes, but is not limited to, the following:

MONEY JUDGMENT

A sum of money equal to at least approximately $152,625 in U.S. currency, including any interest accruing to the date of the judgment, representing the amount of money constituting or derived from proceeds of the offense in Count 1, for which Defendant is liable.

SUBSTITUTE ASSETS

If any of the above-described forfeitable property, as a result of any act or omission of Defendant:

    A.    cannot be located upon exercise of due diligence;

    B.    has been transferred or sold to, or deposited with, a third person;

    C.    has been placed beyond the jurisdiction of the Court;

    D.    has been substantially diminished in value; or

    E.    has been commingled with other property, which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c), to seek forfeiture of any other property of Defendant up to the value of the forfeitable property described above.

                              A TRUE BILL:

                              /s/
                              FOREPERSON OF THE GRAND JURY

Assistant United States Attorney
4/20/2016 11:42 AM